No. 9945.

KING, ET AL. v. SCHOOLFIELD.

Decided December 5, 1921.   Rehearing denied January 9, 1922.

Action to compel purchasers of real property to convey it to plaintiff on the theory that they were his agents. Judgment for plaintiff.

*Reversed.*

1.  VENDOR AND PURCHASER—*Agency.* In order to justify a holding that agents for the vendor of real property had abandoned their principal and become the agents of one desiring to purchase it, there should be clear and conclusive evidence to that effect.

    Evidence reviewed, and held not to meet this requirement.

*Error to the District Court of Delta County, Hon. Thomas J. Black, Judge.*

Messrs. STEWART & STONE, Mr. L. F. TWITCHELL, for plaintiffs in error.

Messrs. FAIRLAMB & HOTCHKISS, Mr. WALLACE SCHOOLFIELD, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error brought suit against the plaintiffs in error, alleging in his complaint that he had employed defendants Blaine and King as his agents to purchase a ranch, and that, in violation of their employment, they procured the ranch to be conveyed to King and defendant Hillman. Plaintiff, therefore, prayed that it be adjudged that the purchase of said ranch had been made for him, and that a conveyance of it to him might be ordered.

The court found in favor of the plaintiff on the question of agency, but in favor of defendant Hillman, on the

ground that he was ignorant of said agency, and that his purchase of a half interest was made in good faith. The case was therefore dismissed as to Hillman, and judgment entered directing King to convey to Schoolfield an undivided one-half of the property. The case is before us on error to said judgment.

Of the several errors assigned it will be necessary to consider but one, to-wit; that the court erred in overruling defendants' motion for a nonsuit at the close of plaintiff's case. To entitle plaintiff to the relief sought it was necessary for him to prove that defendants King and Blaine became his agents to purchase the farm, and that they violated the agency agreement, so that by implication of law King held title to the land in trust for the plaintiff, his principal. It is undisputed that King and Blaine were the agents of Talcott, the owner of the land in question, and that plaintiff was fully aware of that fact. From his testimony it is clear that in the beginning of the transaction he treated the defendants as the agents of the vendor. He says that he offered *them* $7500.00 for the property, not that he authorized them to make that offer to the owner in New York. He further says that he agreed to give them $250.00 as their commission. This offer having been made to the recognized agents of the seller, if construed to be an honorable proposition, can mean nothing other than an offer of $7750.00 for the property. Plaintiff testified that he suspected that King and Blaine had authority to sell at $7500.00 net to vendor, and that they were holding the ranch for a larger sum so as to secure a commission. To justify a holding that the agents, because of that offer of $250.00, abandoned their agency for the seller, and became agents for the buyer, there should be clear and conclusive evidence to that effect. There is nothing to indicate that Blaine supposed he was acting for the purchaser, or to justify plaintiff in so supposing.

Plaintiff introduced in evidence a telegram, sent by Blaine to Talcott's agents in New York which reads:

"Have sold Talcott ranch, $7500.00. Send deed, abstract, ditch stock." This clearly is not an offer by a would-be buyer, but is a report of an agent to his principal.

It further appears from plaintiff's own testimony that when he offered a check to apply on the contract, Blaine declined to receive it. He says that he required Blaine to give him a writing in return, and that Blaine "seemed to be willing to accept a check, but did not want to give anything for it." The following from plaintiff's testimony shows clearly that Blaine was acting, and the plaintiff regarded him, as acting, as agent for the vendor:

"Q.  You said you would bind yourself if he would bind himself?

A.  Yes sir.

Q.  What was his reply to that?

A.  Well he still referred to the short time, and seemed to think that the Talcott people might not have time enough to consummate this deal before the first of the year.

Q.  He was not quite sure that it was safe for him to bind them?

A.  That seemed to be his attitude.

Q.  Because of the limited time in the letter?

A.  Yes sir."

Observe that plaintiff says that Blaine appeared not quite sure that it was safe for him to bind the vendor. If Blaine had been acting for the plaintiff, and so regarded himself, there was no reason for his suggesting that the transaction must wait until he could hear from New York. As agent for the plaintiff, all he would have had to do was to make an *offer* to the vendor's agent in New York. The fact that the parties discussed a payment by the plaintiff, and a writing in the nature of a contract of purchase for said payment, to be signed by Blaine, shows clearly that Blaine was understood to be acting for the vendor.

We are of the opinion, therefore, that the evidence received in behalf of plaintiff does not sustain the finding of

an agency.    The motion for a nonsuit should have been sustained.

Under this view of the case, it is unnecessary to consider the question of the statute of frauds, which is argued at length in the briefs.    The judgment is accordingly reversed with directions to dismiss the suit.

MR. JUSTICE BAILEY and MR. JUSTICE ALLEN dissent.